Young v Town of Brookhaven (2023 NY Slip Op 04232)

Young v Town of Brookhaven

2023 NY Slip Op 04232

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07484
 (Index No. 623726/18)

[*1]Catherine Young, plaintiff, 
v
Town of Brookhaven, appellant; Incorporated Village of Mastic Beach, nonparty-respondent.

Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for appellant.
Zaklukiewicz Puzo & Morrissey, LLP, Islip Terrace, NY (William E. Morrissey, Jr., of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of Brookhaven appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated September 1, 2020. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court (Linda Kevins, J.) dated October 29, 2019, directing the substitution of the defendant Town of Brookhaven in place of the nonparty Incorporated Village of Mastic Beach.
ORDERED that the order dated September 1, 2020, is affirmed insofar as appealed from, with costs.
In September 2017, the plaintiff allegedly was injured when she tripped and fell on land owned by the Incorporated Village of Mastic Beach. In December 2017, the Village dissolved pursuant to Title 3 of article 17-A of the General Municipal Law. Upon the dissolution of the Village, its debt, liabilities, and obligations were assumed by the Town of Brookhaven (see id. § 790).
In December 2018, the plaintiff commenced this action to recover damages for personal injuries against the Village. Thereafter, the Village moved pursuant to CPLR 3211(a)(8) to dismiss the complaint. In an order dated October 29, 2019, the Supreme Court, inter alia, denied the Village's motion and directed the plaintiff to file an amended summons and amended complaint substituting the Town as the defendant in place of the Village. Thereafter, the Town moved for leave to reargue the Village's prior motion. In an order dated September 1, 2020, the court, upon reargument, adhered to the prior determination in the order dated October 29, 2019. The Town appeals from so much of the order dated September 1, 2020, as, upon reargument, adhered to the prior determination in the order dated October 29, 2019.
The Supreme Court correctly determined that the Town, having assumed the liabilities of the Village, is a proper party to this action. Under the particular circumstances of this case, substitution of the Town was appropriate (see id. § 1017; Tyler v Village of Lansingburgh , 76 [*2]App Div 165, 166).
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court